IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| **CARLOS NIEVES,** | ) Case No. |
| Plaintiff, | ) **COMPLAINT** |
| v. | ) Personal Injuries – Negligence –<br>) Employers' Liability Law – Negligence *Per Se* |
| **RYDER LAST MILE, INC.** fka MXD GROUP, a Foreign Corporation, and **RYDER SYSTEM, INC.**, a Foreign Corporation, | ) (Oregon Safe Employment Act)<br>) (Not Subject to Mandatory Arbitration)<br>) (Demand for Jury Trial) |
| Defendants. | ) Amount in Controversy: $2,850,120.87<br>) Fee Authority: ORS 21.160(1)(d) |

Plaintiff alleges:

### COUNT ONE
### (Negligence)

1.

At all relevant and material times herein:

a) Defendant Ryder Last Mile, Inc. was formerly known as MXD Group, and was a duly organized California corporation with a principal place of business located at 11690 N.W. 105th Street, in the city of Miami, county of Dade, state of Florida, and was authorized to do business and doing business in the state of Oregon as a provider of home delivery and logistics solutions;

Page 1 – COMPLAINT

Exhibit 1  Page 1 of 11

THE LAW OFFICE OF LOURDES SÁNCHEZ PC
630 Lincoln Street
Eugene, OR 97401
(541) 349-8110

PICKETT DUMMIGAN MCCALL LLP
Centennial Block, Fourth Floor
210 S.W. Morrison Street
Portland, OR 97204
(503) 226-3628

1  b)  Defendant Ryder System, Inc. was a duly organized Florida corporation with a principal place of business at 11690 N.W. 105th Street, in the city of Miami, county of Dade, state of Florida, and was authorized to do business and doing business in the state of Oregon as a provider of home delivery and logistics solutions as the parent company of defendant Ryder Last Mile, Inc., its wholly-owned subsidiary, for which it promulgated safety policies and procedures to be utilized when conducting "big and bulky final mile delivery that maintains brand reputation and ensures customer satisfaction";

c)  Defendants Ryder Last Mile, Inc. and Ryder System, Inc. (hereinafter referred to collectively as the "RYDER DEFENDANTS") carried on regular and sustained business activity within Multnomah County by providing home delivery and logistics solutions to multiple customers within Multnomah County;

d)  Plaintiff Carlos Nieves was a resident of the city of Vancouver, county of Clark, state of Washington, and was an employee of JV Transportation, LLC ("JV") and/or Changi Express LLC fka N Trucking Lid, Inc ("N TRUCKING"), both of which were Arizona Limited Liability Companies authorized to do business and doing business in the state of Oregon.

2.

On or about December 15, 2019, plaintiff Carlos Nieves was working as a delivery truck driver for JV/N Trucking, a delivery trucking company engaged in the business of transporting goods to end consumers on behalf of its clients. On December 15, 2019, JV was hired by the Ryder defendants to deliver furniture to one of Ryder's customers in the city of Portland, county of Multnomah, state of Oregon, as instructed by the Ryder defendants. JV, in turn, paid N Trucking for the services to be provided by plaintiff. Prior to the delivery, which was on a Sunday, the Ryder defendants had overloaded plaintiff's delivery truck with a large amount of goods, exceeding the truck's payload limit for safe operation. Plaintiff complained to Ryder about having to perform a difficult delivery on a Sunday under significant time pressure, due to the number of deliveries that would be required because of the Ryder defendants' excessive loading of the truck. The Ryder defendants turned a deaf ear on plaintiff complaints and said if he refused to perform the deliveries with the truck as loaded by the Ryder defendants, there would be consequences for JV and/or N Trucking.

///

Page 2 – COMPLAINT

Exhibit 1  Page 2 of 11

THE LAW OFFICE OF LOURDES SÁNCHEZ PC
630 Lincoln Street
Eugene, OR 97401
(541) 349-8110

PICKETT DUMMIGAN MCCALL LLP
Centennial Block, Fourth Floor
210 S.W. Morrison Street
Portland, OR 97204
(503) 226-3628

3.

On or about December 15, 2019, at approximately 9:00 a.m., plaintiff Carlos Nieves arrived at the delivery location and parked the N Trucking delivery truck. The road surface had an incline. Plaintiff exited the truck and placed safety blocks on the truck's two front wheels. Plaintiff then removed a box from the truck using a dolly and transported the box to the customer's Suburban Utility Vehicle ("SUV"), which was parked in front of the N Trucking delivery truck. While plaintiff was loading the box into the customer's SUV, the overloaded delivery truck jumped the safety blocks and rolled into plaintiff, pinning him between the truck and the SUV. A co-worker of plaintiff was able to jump into the truck and stop it from additional forward movement and crushing plaintiff to a greater extent. Plaintiff remained pinned between the two (2) vehicles for approximately thirty (30) seconds.

4.

Plaintiff Carlos Nieves was immediately transported via ambulance to the Emergency Department of Legacy Emanuel Medical Center in the city of Portland, county of Multnomah, state of Oregon, where he was treated for significant injuries suffered in the aforementioned incident, including fractures to plaintiff's right wrist and left ankle, as described with more particularity below.

5.

Overloaded trucks are one of the leading causes of truck-related accidents resulting in truck driver injuries and fatalities each year. Overweight or unbalanced payloads increase the likelihood a driver may lose control of the vehicle. Overloaded cargo also stresses tires and brakes, which can create hazardous conditions by compromising emergency handling capabilities. This is particularly true when the truck is on an incline.

6.

The Ryder defendants were engaged in a common enterprise with plaintiff's employer, JV/Changai, in the loading, inspection, and delivery of cargo in plaintiff's delivery truck, and exercised actual control of the work, retained control over the work, and/or had the right to control plaintiff's delivery of cargo to the Ryder defendants' customers.

Page 3 – COMPLAINT

THE LAW OFFICE OF LOURDES SÁNCHEZ PC
630 Lincoln Street
Eugene, OR 97401
(541) 349-8110

PICKETT DUMMIGAN MCCALL LLP
Centennial Block, Fourth Floor
210 S.W. Morrison Street
Portland, OR 97204
(503) 226-3628

Exhibit 1  Page 3 of 11

7.

7.

The Ryder defendants oversaw, and had care, custody, and control, over the work activities performed by plaintiff on or about December 15, 2019, and promulgated safety policies and procedures with respect thereto.

8.

At all material times the Ryder defendants acted by and through their authorized employees and agents, acting within the course and scope of their employment and/or agency relationships.

9.

The cause of the aforementioned incident was the negligence of the Ryder defendants, acting through their employees and/or agents, in one or more of the following particulars:

a) In overloading plaintiff's delivery truck with a large amount of goods thereby creating the hazard of the truck losing control and jumping the safety blocks, when the Ryder defendants knew or reasonably should have known the risk of harm created by overloading plaintiff's delivery truck and exceeding the truck's payload limit for safe operation;

b) In allowing the delivery truck to be loaded in such a way to create an unsafe condition, *i.e.*, overloaded with a large amount of goods thereby creating the reasonably foreseeable and the unreasonably dangerous hazard of the truck jumping the safety blocks;

c) In failing to employ competent safety personnel, including mechanics, to inspect delivery trucks and their cargo to ensure the trucks are not overloaded;

d) In failing to ensure the delivery truck would not be operated in an unsafe condition *i.e.*, overloaded with a large amount of goods thereby creating the reasonably foreseeable and the unreasonably dangerous hazard of the truck jumping the safety blocks;

e) In failing to adequately train, inspect for safe operation, and supervise safety, relating to the loading, inspection, and delivery of cargo on delivery trucks, so the operation of such trucks was free from hazards;

f) In failing to require compliance to a written safety plan for the loading, inspection, and delivery of cargo on delivery trucks;

g) In failing to require all employees to prohibit the operation of any delivery truck with an overloaded and unsafe payload;

Page 4 – COMPLAINT

THE LAW OFFICE OF LOURDES SÁNCHEZ PC
630 Lincoln Street
Eugene, OR 97401
(541) 349-8110

PICKETT DUMMIGAN MCCALL LLP
Centennial Block, Fourth Floor
210 S.W. Morrison Street
Portland, OR 97204
(503) 226-3628

Exhibit 1  Page 4 of 11

1    h)    In failing to effectively manage, in the Ryder defendants's own capacity, its subsidiaries and/or related companies, in order to prevent violation of safety rules, practices, and procedures, including, but not limited to, overloading delivery trucks with an excessively large amount of goods;

   i)    In failing to adequately inspect the work being performed on the delivery truck, which adequate inspection would have discovered the reasonably foreseeable and the unreasonably dangerous hazard of the overloading of the truck as described above, *i.e.*, causing it to jump the safety blocks;

   j)    In requiring to plaintiff to work on a Sunday, with an excessively overloaded truck, on a shift that would require deliveries, when plaintiff had specifically requested not to have to perform the required deliveries.

10.

The negligence and/or fault of the Ryder defendants, in one or more of the particulars set forth herein, was a substantial factor in causing plaintiff to suffer the following injuries:

   a)    Closed perilunate fracture dislocation of right wrist;

   b)    Closed fracture of left ankle;

   c)    Dislocation of left ankle joint;

   d)    Left ankle syndesmotic injury;

   e)    Left ankle medial ankle discoid ligament disruption;

   f)    Syndesmotic disruption of the left ankle

   g)    Left knee sprain;

   h)    Tear of the medial collateral ligament of the left knee;

   i)    Right rib fracture;

   j)    Right cubital tunnel syndrome.

Plaintiff reserves the right to amend this complaint at time of trial or earlier to more completely allege the nature and extent of the injuries he suffered from being pinned in between the delivery truck and the Ryder customer's SUV, and the surgeries required to treat those injuries.

///

///

Page 5 – COMPLAINT

Exhibit 1  Page 5 of 11

THE LAW OFFICE OF LOURDES SÁNCHEZ PC
630 Lincoln Street
Eugene, OR 97401
(541) 349-8110

PICKETT DUMMIGAN MCCALL LLP
Centennial Block, Fourth Floor
210 S.W. Morrison Street
Portland, OR 97204
(503) 226-3628

11.

As a result of the aforementioned injuries, plaintiff thus far has undergone the following surgical and medical procedures:

a) Open reduction and internal fixation ("ORIF") of left ankle syndesmotic injury;

b) Open repair of left medial ankle deltoid ligament avulsion;

c) Incision and debridement of open fracture of left ankle skin, subcutaneous tissue, muscle and bone;

d) Complex layered wound closure, left ankle medial incision;

e) Short leg splint application, left lower extremity;

f) ORIF of right side lunate dislocation and perilunate variant;

g) Uniplanar external fixation of right wrist;

h) Removal of buried Kirschner wires times two ("x2").

12.

As a result of the aforementioned injuries, plaintiff has endured pain and suffering and his activities of daily living have been adversely affected, in the past present, and future, all to his noneconomic damage in a reasonable amount to be awarded by the jury, not to exceed the sum of $2,500,000.00.

13.

As a result of the aforementioned injuries, plaintiff has incurred reasonable and necessary medical, hospital, doctor, therapy, nursing, and rehabilitation expenses to date in the sum of $185,829.55. Plaintiff will incur reasonable and necessary medical, hospital, doctor, therapy, nursing, and rehabilitation expenses in the future in the approximate sum of $50,000.00. Plaintiff has lost wages to date in the approximate sum of $64,291.02. Plaintiff will incur loss of wages and/or loss of earning capacity in the future in the approximate sum of $50,000.00, all to his total economic damage in the approximate sum of $350,120.57.

Page 6 – COMPLAINT

THE LAW OFFICE OF LOURDES SÁNCHEZ PC
630 Lincoln Street
Eugene, OR 97401
(541) 349-8110

PICKETT DUMMIGAN MCCALL LLP
Centennial Block, Fourth Floor
210 S.W. Morrison Street
Portland, OR 97204
(503) 226-3628

Exhibit 1  Page 6 of 11

14.

Plaintiff is entitled to pre-judgment interest at the legal rate of 9% per annum for his economically verifiable losses from the date of loss to the date of entry of judgment herein.

15.

Plaintiff reserves the right to amend this Complaint at the time of trial to more completely allege plaintiff's economic losses and/or to conform to proof offered at trial or through the course of discovery.

16.

Plaintiff hereby demands a jury trial.

**COUNT TWO**
**(Employers' Liability Law)**
**(Not Based on Safety Codes)**

17.

Plaintiff re-alleges and incorporates ¶¶1 through 16 of Count One.

18.

At all material times there was in full force and effect in the State of Oregon an Employers' Liability Law ("ELL") which provided in pertinent part as follows:

> **ORS 654.305.** Generally, all owners, contractors or subcontractors and other persons having charge of, or responsibility for, any work involving a risk or danger to the employees or the public shall use every device, care and precaution that is practicable to use for the protection and safety of life and limb, limited only by the necessity for preserving the efficiency of the structure, machine or other apparatus or device, and without regard to the additional cost of suitable material or safety appliance and devices.

19.

At all material times herein, the Ryder defendants and their employees were in charge of and responsible for work involving the risk or danger to plaintiff, to other employees, and/or to members of the general public—*i.e.*, delivery of large goods to the Ryder defendants' customers using an overloaded commercial delivery truck.

Page 7 – COMPLAINT

THE LAW OFFICE OF LOURDES SÁNCHEZ PC
630 Lincoln Street
Eugene, OR 97401
(541) 349-8110

PICKETT DUMMIGAN MCCALL LLP
Centennial Block, Fourth Floor
210 S.W. Morrison Street
Portland, OR 97204
(503) 226-3628

Exhibit 1  Page 7 of 11

20.

The Ryder defendants had actual control of the aforementioned work being done, and/or had retained the right to control the work, and/or were engaged in a common enterprise with JV/Changai, plaintiff's employer, during the delivery of goods to the Ryder defendants' customers.

21.

The Ryder defendants failed to use every device, care, or precaution which was practical to use for the protection and safety of plaintiff's life and limb in one or more of the particulars alleged in ¶9 above.

22.

As a result of one or more of the violations of the ELL by the Ryder defendants, as set forth above, plaintiff Carlos Nieves suffered injuries, underwent medical procedures, and is entitled to compensatory damages on Count Two, as previously alleged in ¶¶10 through 14 of Count One.

**COUNT THREE**
**(Employers' Liability Law)**
**(Based on Safety Codes–Oregon Administrative Rules)**

23.

Plaintiff re-alleges and incorporates ¶¶1 through 16 of Count One and ¶¶18 through 21 of Count Two.

24.

At all material times there was in full force and effect in the ELL of the State of Oregon, which also provided in pertinent part as follows:

> **ORS 654.310.** All owners, contractors, subcontractors, or persons whatsoever, engaged in the construction, repairing, alteration, removal or painting of any building, bridge, viaduct or other structure, or in the erection **or operation of any machinery**, or in the manufacture, transmission and use of electricity, or in the manufacture or use of any dangerous appliance or substance, shall see that all places of employment are in compliance with every applicable order, decision, direction, standard, rule or regulation made or prescribed by the Department of Consumer and Business Services. (emphasis added).

///

Page 8 – COMPLAINT

THE LAW OFFICE OF LOURDES SÁNCHEZ PC
630 Lincoln Street
Eugene, OR 97401
(541) 349-8110

PICKETT DUMMIGAN MCCALL LLP
Centennial Block, Fourth Floor
210 S.W. Morrison Street
Portland, OR 97204
(503) 226-3628

Exhibit 1  Page 8 of 11

1   25.

2   At all material times herein, the Ryder defendants, as the provider of home delivery and logistics solutions to their customers through the use of outside delivery trucking services, together with their employees, had a duty to furnish plaintiff Carlos Nieves with a place of employment which was safe and healthful for plaintiff. Plaintiff was a member of the class of persons intended to be protected by the safety codes, rules, and regulations, set forth below.

26.

The Ryder defendants failed to see that Carlos Nieves's place of employment complied with all rules and regulations prescribed by the Department of Consumer and Business Services by violating one or more of the following rules and regulations:

   a) 49 CFR §396.7(a) Unsafe operation forbidden, requiring that a motor vehicle shall not be operated in such a condition as to likely case an accident or a breakdown of the vehicle.

   b) In violating 29 CFR 1926.21(b) accident prevention responsibilities;

   c) In violating 29 CFR 1926.21(b)(2) accident avoidance responsibilities;

   d) In violating OAR 437-001-0760(7), requiring all places of employment to be inspected for defective equipment or unsafe conditions, and also requiring that any defects or unsafe conditions discovered be promptly remedied;

   e) In violating ORS 654.305 by failing to use every device, care and precaution that is practicable to use for the protection and safety of life and limb.

27.

As a result of one or more of the violations of the ELL by the Ryder defendants, as set forth above, plaintiff Carlos Nieves suffered injuries, underwent medical procedures, and is entitled to compensatory damages on Count Three as previously alleged in ¶¶10 through 14 of Count One.

///

///

Page 9 – COMPLAINT

Exhibit 1  Page 9 of 11

THE LAW OFFICE OF LOURDES SÁNCHEZ PC
630 Lincoln Street
Eugene, OR 97401
(541) 349-8110

PICKETT DUMMIGAN MCCALL LLP
Centennial Block, Fourth Floor
210 S.W. Morrison Street
Portland, OR 97204
(503) 226-3628

## COUNT FOUR
### (Negligence *Per Se*–Oregon Safe Employment Act)

28.

Plaintiff realleges and incorporates ¶¶1 through 16 of Count One, ¶¶18 through 21 of Count Two, and ¶¶24 through 26 of Count Three.

29.

At all material times, the Ryder defendants were employers in charge of, and responsible for, work involving a risk or danger to plaintiff Carlos Nieves. The worksite at which plaintiff was working was a "place of employment" as defined in ORS 654.005(8), part of the Oregon Safe Employment Act ("OSEA"). The overloaded delivery truck was a fixed or movable place where an employee worked temporarily or permanently, where a process, operation, or activity related, either directly or indirectly, to an employer's industry, trade, business or occupation.

30.

The Ryder defendants were owners, as that term is defined in ORS 654.005(6), in that they had ownership, control, and/or custody of the overloaded delivery truck. The Ryder defendants were employers, as that term is defined in ORS 654.005(6), in that they had one or more employees

31.

By violating one or more of the safety codes set forth in ¶26, the Ryder defendants failed to comply with every order, decision, direction, standard, rule, or regulation made or prescribed by the department in connection with the materials specified in ORS 654.001 to 654.295 and 654.750 to 654.780, or in any way relating to or affecting places of employment, and failing to do everything necessary or proper in order to secure compliance with and observance of every such order, decision, direction, standard, rule or regulation, as required by ORS 654.022.

///

///

///

Page 10 – COMPLAINT

Exhibit 1  Page 10 of 11

THE LAW OFFICE OF LOURDES SÁNCHEZ PC
630 Lincoln Street
Eugene, OR 97401
(541) 349-8110

PICKETT DUMMIGAN MCCALL LLP
Centennial Block, Fourth Floor
210 S.W. Morrison Street
Portland, OR 97204
(503) 226-3628

32.

As a result of one or more of the violations of the OSEA by the Ryder defendants as set forth above, plaintiff Carlos Nieves suffered injuries, underwent medical procedures, and is entitled to compensatory damages on Count Four as alleged in ¶¶10 through 14 of Count One.

WHEREFORE, plaintiff Carlos Nieves prays for judgment against the Ryder defendants in the total sum of $2,850,120.87, for his costs and disbursements incurred herein, and for such other relief as the court deems just and equitable.

DATED this 15th day of December, 2021.

J. Randolph Pickett, OSB #721974
randy@pdm.legal
Kimberly O. Weingart, OSB #091407
kim@pdm.legal
Shangar S. Meman, OSB #171205
shangar@pdm.legal
Kyle T. Sharp, OSB #204886
kyle@pdm.legal
Rachel M. Jennings, OSB #205474
rachelj@pdm.legal
PICKETT DUMMIGAN MCCALL LLP

Lourdes Sánchez-Marte, OSB #974795
lourdes@oregonabogada.com
Apolinar Montero-Sánchez, OSB #181872
apolinar@oregonabogada.com
THE LAW OFFICE OF LOURDES SÁNCHEZ PC

of Attorneys for Plaintiff

Page 11 – COMPLAINT

THE LAW OFFICE OF LOURDES SÁNCHEZ PC
630 Lincoln Street
Eugene, OR 97401
(541) 349-8110

PICKETT DUMMIGAN MCCALL LLP
Centennial Block, Fourth Floor
210 S.W. Morrison Street
Portland, OR 97204
(503) 226-3628

Exhibit 1  Page 11 of 11