UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

CARLOS NIEVES,

    Plaintiff,

v.

RYDER LAST MILE, INC. fka MXD GROUP, a foreign corporation,

    Defendant.

RYDER LAST MILE, INC. fka MXD GROUP, a foreign corporation,

    Third-Party Plaintiff

v.

N. TRUCKING L.I.D., INC., a foreign corporation; CHANGAI EXPRESS, LLC, a foreign corporation; and JV TRANSPORTATION, LLC, a foreign corporation,

    Third-Party Defendants.

Case No. 3:22-cv-00094-AR

**ORDER**

**ARMISTEAD, United States Magistrate Judge**

Federal courts are "courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quotation marks omitted) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994)). "It is to be presumed that a cause lies outside of federal courts' limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Columbia Riverkeeper v. U.S. Coast Guard*, 761 F.3d 1084, 1091 (9th Cir. 2014) (citing *Kokkonen*, 511 U.S. at 377). A federal court's subject-matter jurisdiction can never be waived or forfeited, and a district court has the obligation to consider *sua sponte* the requirements for subject-matter jurisdiction. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (holding that federal courts have "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party"); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Because of the court's obligation to consider *sua sponte* whether it has subject-matter jurisdiction, it now considers the jurisdictional circumstances of this lawsuit, which was initiated by plaintiff Carlos Nieves in state court on December 15, 2021, and removed by defendant Ryder Last Mile, Inc. to federal court on January 19, 2022.[1] Ryder Last Mile did so by alleging in its Notice of Removal (ECF 1) that the court has subject matter jurisdiction under 28 U.S.C. § 1332,

---

[1] Nieves named Ryder System, Inc. as a defendant but that defendant has since been dismissed from the case. (ECF 11.) Ryder System, Inc. owns Ryder Last Mile, Inc. (Ryder Corporate Disclosure Statement, ECF 2; Ryder Last Mile Supplemental Corporate Disclosure Statement, ECF 76.)

which confers jurisdiction to a federal court when a civil action is between "citizens of different States" and the amount in controversy is greater than $75,000.[2] 28 U.S.C. § 1332(a)(1). According to Ryder Last Mile in its Notice of Removal, it is a "foreign corporation" and Nieves is a "resident" of Clark County, Washington. (Notice of Removal ¶¶ 7, 8.) Ryder Last Mile's initial corporate disclosure statement provides that Ryder Last Mile is owned by Ryder System, Inc. but says nothing about where Ryder Last Mile is incorporated or where its principal place of business is located. (ECF 2.) And, third-party defendant Changai Express, LLC filed a disclosure statement indicating that its member is Carlos Nieves and a resident of Florida. (ECF 54.) The information in those filings is insufficient to determine diversity of citizenship, for a few reasons.

*First*, that Ryder Last Mile is a "foreign corporation" is, for the purpose of assessing diversity of citizenship, ambiguous. Ordinarily, the court would understand that a party identified as a "foreign corporation" is a business incorporated in a state other than Oregon. Yet in the context of an assertion that opposing parties are diverse in citizenship, "foreign corporation" could mean that Ryder Last Mile is incorporated in a state other than Washington, which is identified in the Notice of Removal as the place of Nieves's residence.

*Second*, Ryder Last Mile provided only its place of incorporation. Yet the place of incorporation by itself does not tell the whole story of a corporation's citizenship. A corporation is deemed a citizen of its state of incorporation *and* the state in which it has its principal place of business—in other words, a corporation can have "dual citizenship." *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has

---

[2]    The amount in controversy is not a concern.

been incorporated *and* of the State or foreign state where it has its principal place of business."); *Bank of Cal. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 492 (9th Cir. 1972) (observing that a party can "have dual citizenship, . . . where it was organized, and in another state, . . . if it has its principal place of business there"). If the court does not know a corporation's principal place of business, it is impossible for it to determine the corporation's citizenship.

*Third*, there is uncertainty with Nieves's citizenship. Although the Notice of Removal indicates that Nieves is a "resident" of Washington state, it does not allege plaintiff's domicile.[3] That is a problem because citizenship of an individual is where the individual is "domiciled." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("But the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency."). That is, "'[d]omicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (citation omitted). A person's domicile is the home where he or she resides *with the intention to remain or*

---

[3] In Nieves's complaint, he alleges that he was a resident of Vancouver, Washington. (Compl. ¶ 1(d). ECF 1-1.) Because plaintiff was filing in state court and not asserting diversity jurisdiction, there was no need to allege his domicile. But there was a need for Ryder Last Mile to allege plaintiff's domicile—the party removing a case to federal court based on diversity of citizenship must adequately allege citizenship because it bears the burden of proof. *Kanter*, 265 F.3d at 857-58 ("Since the party asserting diversity jurisdiction bears the burden of proof . . . [defendants'] failure to specify Plaintiffs' state citizenship was fatal to Defendants' assertion of diversity jurisdiction."). And the Ninth Circuit has not addressed whether "allegations of a party's residency constitutes prima facie evidence of that party's domicile." *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1228 (9th Cir. 2019). The court, however, does not require an amendment of the Notice of Removal.

to which he or she intends to return. *Kanter*, 265 F.3d at 857. Further muddying the jurisdictional waters is Changai Express's disclosure that identifies the residence of plaintiff as Florida. That means that, in addition to the question of where Nieves is domiciled, the court has before it two different "residences" for Nieves.

It also bears mentioning that timing of citizenship in a removal case is based on diversity existing when the complaint is filed *and* when the case is removed to federal court. *Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002) ("[W]e start with the core principle of federal removal jurisdiction on the basis of diversity—namely, that it is determined (and must exist) as of the time the complaint is filed and removal is effected.").

Given the record's inadequate and conflicting information about citizenship, the court asked (by email) Ryder Last Mile for a disclosure statement that identifies its place of incorporation and the principal place of business when the case was removed to federal court in January 2022. The court also asked Nieves to provide information about Nieves's citizenship.[4]

Nieves responded with a representation from counsel that Nieves moved to Florida in November 2021 and provided a rental ledger and an energy bill that supports a finding that Nieves rented an apartment in Clearwater, Florida in November 2021 and was thus a Florida resident. But the court requires more in the record to support a finding that Nieves began his *domicile* in November 2021. In addition to information about Nieves, his counsel also provided two documents about Ryder Last Mile's citizenship. The first document is a 2021 Foreign Profit

---

[4] The court asked for Nieves's "residence" at the time of removal. That was the wrong question because the correct way to determine citizenship of an individual is "domicile" and domicile is based on time of filing the complaint and the time of removal.

Corporation Annual Report submitted with the Florida Secretary of State that shows that Ryder Last Mile's "Current Principal Place of Business" is at 11690 NW 105 Street, Corporate Tax, Miami, Florida 33178 and its "Current Mailing Address" is at 11690 N.W. 105th Street, Miami, Florida 33178. The 2021 Annual Report also supplies the 105th Street, Miami address for Ryder Last Mile's directors Robert Sanchez and Robert Fatovic, president J. Steven Sensing, and assistant treasurer, Maria Alonso. The second document provided by Nieves is a business search record for the California Secretary of State that shows that Ryder Last Mile is incorporated in California and its "Principal Address" is 2333 Ponce De Leon Blvd., Suite 700, Coral Gables, Florida, 33134.

As for Ryder Last Mile, it responded by filing a supplemental corporate disclosure statement (ECF 76) that represents that it is "incorporated in the state of California in 1970," "has its corporate headquarters in Coral Gables, Florida, 33134," and "[i]t's [*sic*] primary place of business is New Albany, Ohio." Ryder Last Mile has provided no explanation to the court as to how it arrived at that representation or a response to Nieves's position that Ryder Last Mile's principal place of business is in Florida (which would destroy diversity of citizenship between Nieves and Ryder Last Mile).

Given that Ryder has stated that its headquarters are in Florida and its "primary" place of business is in Ohio, a brief explanation of how "principal place of business" is determined is appropriate. The Supreme Court has provided the following test:

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters

>is the actual center of direction, control, and coordination, *i.e.*, the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

*Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).[5] Although a corporation's headquarters is not necessarily the same as its "nerve center," it is normally the case that they are equivalent. *See id*. ("[I]n practice, the ['nerve center'] should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination."). That Ryder Last Mile advances that the places of its headquarters and "primary" place of business are different—but without explanation as to why Ohio is the "actual center of direction, control, and coordination"—creates doubt about its citizenship.

With that doubt, the court insists on jurisdictional evidence. *See Harris v. Rand*, 682 F.3d 846, 851 (9th Cir. 2012) ("Additionally, where the district court has doubts about whether diversity exists, the district court may insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify [its] allegations by a preponderance of evidence." (quotation marks omitted)). When providing that evidence to the court, Ryder Last Mile must keep in mind that it bears the burden of proving by a preponderance that diversity exists between the parties. And though the court will not specify what type of evidence it needs, Ryder Last Mile might not have another

---

[5] When the Court adopted the "nerve center" test in *Hertz*, it rejected as too unwieldy the "business activities" test that many circuits had been using to determine a principal place of business. 559 U.S. at 90 ("Perhaps because corporations come in many different forms, involve many different kinds of business activities, and locate offices and plants for different reasons in different ways in different regions, a general 'business activities' approach has proved unusually difficult to apply.").

opportunity to supplement the record if its evidence is found insufficient to meet its burden.[6] For Nieves's part, it would be helpful to provide evidence of his "domicile" in December 2021 and January 2022 by way of a declaration or affidavit. The parties must also provide legal arguments to accompany their jurisdictional evidence. After the parties submit their jurisdictional evidence and arguments, the court will consider the need for further steps, which may include discovery, oral argument, or an evidentiary hearing.

## SCHEDULING ORDER

Ryder Last Mile must provide jurisdictional evidence with supporting legal memoranda to the court by May 22, 2025. Nieves must provide jurisdictional evidence and a response by June 5, 2025.

DATED: May 8, 2025

_____
JEFF ARMISTEAD
United States Magistrate Judge

---

[6] If Ryder Last Mile contends that its principal place of business is in Ohio, it seems to the court that a good start would be a sworn declaration or affidavit from a corporate representative about why Ohio, and not Florida, is Ryder Last Mile's "actual center of direction, control, and coordination." The court is also interested in how and why Ryder Last Mile has designated its principal place of business as Miami and Coral Gables.